S. Samuel Di Falco, S.
The objectants in the accounting proceeding instituted a separate proceeding to remove the executor. Substantially the same grounds were urged for his removal as were relied upon for surcharge in the accounting proceeding. Pending a determination of the issues raised in the accounting, the removal proceeding was held in reserve from the Hearing Calendar. All of the issues raised in the accounting proceeding have now been decided (N. Y. L. J., Aug. 11, 1959, pp. 3-4, col. 8; N. Y. L. J., Nov. 9, 1959, p. 15, col. 2), and a decree judicially settling the executor’s account has been entered (N. Y. L. J., Nov. 9,1959, p. 15, col. 2). The executor moves for dismissal of the removal petition. In the affidavit in support of the motion, the executor asks dismissal ‘ ‘ for failure to state sufficient grounds for such removal ’ ’. The executor, however, is not attacking the (sufficiency of the petition in point of law, but rather on the basis of the record made in the accounting proceeding. The executor correctly points out that all of the matters set forth in the petition, with the exception of the transactions involving the United States Savings Bonds and the" powers of attorney, were litigated in the accounting proceeding and were determined against the object-ants. In view of the findings made in the accounting proceeding on these issues, there would be no basis for removal of the executor for these acts and transactions.
One of the objections that was sustained was directed to the acts of .the executor during the lifetime of the decedent in purchasing United States Savings Bonds in the joint names of the decedent and himself and to his taking of the bonds individually as surviving joint tenant. The court ruled that the executor was obliged to explain the transaction, and upon the record therein the court was not satisfied that he had the right to make the purchase in the joint names. The court pointed out that some inference of authority might be drawn from the fact that some of the funds used to purchase the bonds came from joint bank accounts but that such an inference did not necessarily arise and that the decedent’s intent and purpose in respect of the bonds were nowhere in the record clearly revealed. The court did not rule that the executor had *239 misappropriated the bonds but rather that he had failed to establish his right to them. The finding of the court on this issue in the accounting proceeding does not preclude the petitioner in the present proceeding, who alleges that the executor had misappropriated the bonds. It would seem that unless the petitioner is able to show more than was revealed in the accounting proceeding, there would be no basis for removal of the executor. The petitioner, however, is entitled to a hearing on charges which are not res judicata.
The petition also alleges that the executor had a general power of attorney from the decedent and also separate powers of attorney in connection with bank accounts or brokerage accounts and it states that the petitioner does not know the extent of the executor’s use of them and cannot determine it until a successor fiduciary is appointed to examine into the records. These allegations do not charge misconduct within the meaning of section 99 of the Surrogate’s Court Act. In an affidavit submitted by the petitioner on the present motion, the petitioner does not amplify his charges respecting the powers of attorney. He claims that the executor had testified in an examination that the power of attorney was revoked in September, 1954 but that in fact there were other powers of attorney that were not revoked and that the petitioner’s attorney did not discover these powers until later. The petitioner charges that the executor i 1 concealed ’ the existence ’ ’ of these powers and that he gave “ false testimony ” respecting them. Nowhere, however, is there any allegation of misconduct with respect to such powers of attorney except such as were charged and overruled in the accounting proceeding.
A petition to remove an executor must “ set forth * * * facts showing that the case is one of those * # * specified” in section 99 (Surrogate’s Ct. Act, § 100). The allegations of the petition with respect to the powers of attorney do not comply with section 100.
Insofar as the petition is based upon charges relating' to the joint accounts with the Seaman’s Bank for Savings and First National City Bank, or the Totten trust account with the bank first mentioned or the withdrawal and retention of the sum of $1,500 or with the transmission of $5,936.44 to the Schenectady estate, it is dismissed for the reason that all of these issues have been litigated between the parties and determined by the court. On the basis of the court’s findings, no reason for removal of the executor exists. Insofar as the petition relates to transactions respecting the United States Savings Bonds, the motion to dismiss is denied without prejudice to renewal at the hearing. *240 Insofar as the petition contains allegations respecting the powers of attorney, it is dismissed with leave to the petitioner, within 10 days from the publication of this decision, to file an amended petition which shall comply with sections 49 and 100 of the Surrogate’s Court Act. Answers to any amended petition may be filed within 8 days from the service thereof. Answers to the remaining portion of the present petition may be served within 8 days from the publication of this decision.
The remaining issue or issues in this proceeding will be placed upon my calendar for hearing on the 9th day of February, 1960 at 11:30 a.m.