S. Samuel Di Falco, S.
The application to revoke letters testamentary is dismissed. The petitioner has failed to produce *425 any evidence of misconduct sufficient to justify the revocation of letters.
The proceeding to revoke letters was marked submitted on the calendar of June 19, 1959. At that time the contested accounting proceeding was before the court. The issues raised in both proceedings were substantially the same. The pending accounting proceeding was tried first. The revocation proceeding was not set for hearing until the issues in the accounting proceeding had been adjudicated. After entry of the decree on accounting, the executor moved to dismiss the petition in the revocation proceeding for the reason that the matters therein set forth had been decided in the accounting proceeding against the petitioner herein. The court granted the motion to dismiss the petition insofar as it was based upon charges relating to the joint account and the Totten .trust account with the- Seaman’s Bank for Savings, the joint account with First National City Bank, the withdrawal and retention of the -sum of $1,500 and the transmission of $5,936.44 to the Schenectady estate. All of these matters had been the subject of dispute in the accounting proceeding and all of these issues had been determined against the o-bjectant. The court denied the motion to dismiss the petition insofar as it related to the United States Savings Bonds, without prejudice to renewal at the hearing. Insofar as the petition contained allegations with respect to powers of attorney, the court dismissed the petition with leave to the petitioner to file an amended petition clarifying the allegations as therein directed. (See Matter of Heilbronner, 22 Misc 2d 237.) In the decision disposing of that motion, the matter was placed upon the calendar for hearing.
The amended petition which was thereafter filed set forth again all of the matters which had been adjudicated in the accounting proceeding and which had been dismissed by the decision on the motion of the executor. These matters were not only tried and decided in the accounting proceeding, but had also been the subject of an extended application for reargument and rehearing in that proceeding. (N. Y. L. J., Nov. 9, 1959, p. 15, col. 2.) For the reasons set forth in the prior decision of the court, the amended petition is dismissed insofar as it .sets forth the matters heretofore adjudicated in the accounting-proceeding.
At the hearing .on February 9, the petitioner requested, an adjournment. The reasons given for his request were different from the reasons given by him in a written request to the court a few days earlier. The charges relating to the United States Bonds and the powers of attorney,, although not foreclosed *426 by the decree on accounting, had nonetheless been the subject of evidence or discussion in the accounting proceeding. The petitioner had examined the executor both in advance of the hearing in the accounting proceeding and at the hearing. The retention of the United States Savings Bonds had been the subject of an objection, and the court ^sustained that objection, but for the reason stated in the decision of January 5, 1960, the finding in the accounting proceeding did not preclude either party in the present proceeding from litigating the charge of willful misappropriation. The alleged existence of numerous powers of attorney have been the subject of extensive argument heretofore, but neither in the accounting proceeding nor in the present proceeding did the petitioner make clear the basis for an allegation of misconduct respecting them. It is difficult to understand precisely what the charge is with respect to these powers of attorney. If the petitioner has just grounds for charges of misconduct under section 99 of the Surrogate’s Court Act he should proceed to prove such charges so that the matter can be determined and the administration brought to a conclusion. The proceeding’ may not be used for the purpose of reopening and relitigating adjudicated issues or keeping the estate and its executor in endless litigation. The petitioner was in a position to proceed with his charges. He has detailed substantially all of them on several occasions in the past. His attempt to examine the executor on the eve of trial was obviously designed to delay the hearing. The reasons given in support of his application for adjournment on the date of the hearing confirm this conclusion. No good reason was advanced for delaying the proceeding. In view of the failure of the petitioner to produce any proof at the hearing, the proceeding is dismissed.
Submit decree on notice accordingly.